IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

TINA PIERCE                           :

                                      :

    v.                                :   Civil Action No. DKC 09-1917

                                      :

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY                     :

**MEMORANDUM OPINION**

Several motions are pending in this personal injury action. The first, Defendant's motion to strike (paper 23), is ready for resolution. Others are still in the process of briefing, but a scheduling issue has arisen. For the reasons that follow, Defendant's initial motion to strike will be denied and Plaintiff will be granted additional time within which to respond to Defendant's supplemental motion to strike and its motion to dismiss or for summary judgment.

**I.  Defendant's Motion to Strike - Paper 23**

Defendant first moved to strike Plaintiff's Rule 26(a)(2) disclosures on the ground that complete disclosures were not timely made. Specifically, Defendant asserts that the disclosure for Chester Z. Haverback, M.D. lacks information on compensation and a list of cases in which he has provided testimony in the past four years. For Dr. Gregory A. Harrison, PhD., P.E., Defendant claims to lack information on testimony in the past three years, and a report, and compensation. For Roger Link, the CV that purportedly

was furnished was not actually provided, and information about compensation and prior cases was omitted.

In opposition, Plaintiff states that Dr. Haverback does not keep a record of prior testimony and that reconstructing such a record would deflect him and his staff from treating patients. She also asserts that Dr. Haverback is a treating physician and, as a hybrid witness, need not be included in the Rule 26 disclosures. Dr. Harrison will not be called. Plaintiff also recites that a supplemental disclosure was provided identifying Roger Link should Dr. Harrison be unavailable. That disclosure was supposed to contain his CV, testimony record and expert fee. No written report had yet been prepared, but now has been. The report was provided just prior to Plaintiff's filing of the opposition to the motion to strike.

While Plaintiff did not provide the disclosures in a timely fashion, it appears that Defendant has almost all of the required information at this time at least as to Roger Link. Indeed, Defendant has filed a supplemental motion to strike the testimony of Roger W. Link based on those subsequent disclosures. The status of Dr. Haverback is less clear, but the deficiencies do not seem to be so drastic as to call for the remedy of preventing his testimony. Thus, the first motion to strike will be denied.

**II. Extension of Time – Paper 37**

Plaintiff seeks an extension of time to respond to Defendant's motion to dismiss and for summary judgment and to the supplemental

motion to strike expert until July 6. Defendant will agree to an extension only until June 21, 2010. Because there had been several earlier extensions of the scheduling order, the court stated, in granting the last extension of the dispositive motions deadline, that any further extension requests would require a conference with the court. The purpose of that direction was to alert counsel to the court's concern over the course of discovery. The current request from Plaintiff, however, appears reasonable and will be granted.

**III. Conclusion**

For the foregoing reasons, Defendants' motion to strike (paper 23) will be denied and Plaintiff's motion for extension of time to file (paper 37) will be granted to and including July 6, 2010. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge